**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5036**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GRADY LEE RUSHING,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:08-cr-00192-MR-1)

Submitted:  July 29, 2010          Decided:  August 20, 2010

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Adam Christopher Morris, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Grady Lee Rushing pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court sentenced Rushing to the mandatory minimum term of sixty months' imprisonment.

Rushing's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but suggesting that the district court's reliance on the statutory mandatory minimum renders Rushing's sentence procedurally unreasonable. Rushing has filed a pro se supplemental brief in which he raises the same issue and challenges the adequacy of the district court's explanation for his sentence. For the reasons that follow, we affirm the district court's judgment.

Post-Booker,[1] this court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In

---

[1] United States v. Booker, 543 U.S. 220 (2005).

determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). If we find "no significant procedural error," we next assess the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346-47 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51).

Both counsel and Rushing advance that the sixty-month sentence is procedurally unreasonable because it was based on a purportedly unconstitutional statutory mandatory minimum. We disagree. As the Supreme Court recognized in Kimbrough v. United States, 552 U.S. 85, 108 (2007), although sentencing courts are free, post-Booker, to reject the 100:1 crack cocaine/powder cocaine ratio in terms of a defendant's Guidelines range, they are nonetheless "constrained by the

3

mandatory minimums Congress prescribed." Furthermore, this issue is foreclosed by Circuit precedent that has not been overruled. See United States v. Perkins, 108 F.3d 512, 518-19 (4th Cir. 1997) (rejecting equal protection challenge to the disparate statutory mandatory minimums applicable to crack cocaine and powder cocaine offenses); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995) (rejecting due process challenge to same).

We also reject Rushing's contention that the district court failed to adequately explain the sentence it imposed. The district court offered a thorough discussion of the § 3553(a) sentencing factors that informed its decision to impose the minimum sentence mandated by statute. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) Accordingly, we hold that Rushing's sentence is procedurally reasonable.[2]

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. The district court complied with the mandates of Federal Rule of Criminal Procedure 11 in accepting Rushing's guilty plea. Accordingly, we affirm the district court's judgment. This

---

[2] We also afford Rushing's within-Guidelines sentence a presumption of substantive reasonableness. See United States v. Wright, 594 F.3d 259, 267 (4th Cir. 2010); see also Rita v. United States, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for within-Guidelines sentence).

court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED